May it please the court. I'm Chris Kennedy. I represent Mr. Castro on behalf of his daughter in this matter. I would like to reserve a minute if possible at the end for rebuttal. This is a very tragic case. As we know by the facts in this case Corporal Castro Mata was in her private room on Liberty when she was shot six times in the face by her assailant and then left for six hours in her own blood before she was retrieved and and ultimately taken away from the very room that she she stayed in. This case obviously centers around the Ferry's Doctrine and I understand the issue of Ferry's Doctrine but I also understand that this court has set forth factors which this case falls squarely within. The Ferry's Doctrine is not all-encompassing with every situation. This case is on the outside looking in based upon the facts that are presented that you had before you that I will discuss here today. This court in Johnson in 1983 set forth four factors to determine if there is an exception to the Ferry's Doctrine and I'd like to walk through each one of those factors and discuss the facts in each factor why this case is an exception to the rule. The first factor deals with the place and the nature of where this took or where the act happened. In this situation Corporal Castro Mata was in her room, her private room. But counsel was it really a private room? It was your room. Because she was a member of the United States Marine Corps she still has rights to privacy in that room. But wasn't that room provided by the military? That room is actually rented by Corporal Castro Mata. We have service members there. Can someone who is not a member of the military reside on those premises? No well you could have government contractors that could be I don't know the situation we haven't got that far in the case to know but you could have situations with a lot of these quarters so to speak are ran by private companies. We have service members that are staying in motel rooms. We have service members that stay in base housing. We have service members that... But in this case it wasn't a motel room? It wasn't. And weren't there rules that were promulgated by the military that govern those premises? There are many of those rules were like a hotel room you have someone at the front desk you assume that you will not that no member all members of the public will have access to that room. And in this case because of a violation of a well a clear rule the the duty at the front similar to a hotel clerk gave the key to the room that ultimately gave Mr. Lopez access to her room. Otherwise... Counsel if we delve into those matters aren't we really injecting ourselves into the matters that are governed by the military something that under the Ferris Doctrine we're not permitted to do? Well your honor I believe that if you're dealing with a judgment call or discretion I agree with you but in this case there were policies that were already set forth by the military and were not followed. So we're not getting into a judgment call. We're not getting into the discretion of a commander. Commander expects that the person the front desk is going to give the key away. But aren't those matters of discipline and good order that are best left to the military? They're best left the military to make the determinations and the decisions and they were made that's why those orders were in place. So therefore we moved on to the fact that there were actions taken that violated policy in the military and the discipline moved forward in this case. So this this and these actions had no effect on the discipline but the policies were well settled. This isn't a case dealing with flying an airplane and making a judgment call or someone who is in a hospital or something takes place where there's a judgment call. It was very clear that there were duties and obligations of people that were involved that were just blatantly violated. Counsel, what is your strongest case? What case most closely resembles your argument that when there is a breach of an order or failure to abide by an order that that's an exception to the fairest doctrine? What case most strongly supports your argument? Well I believe your honor that if you look at the Johnson case where you it's obviously a violation of law to drink and drive on a there was someone who was working NCO club which by the way is is the there are certain members of military that cannot go in NCO club so it is governed and there are rules and regulations but in that case you had someone who committed a breach of policy within the military. In most cases in the military you cannot consume any alcohol and drive. So what's the language in Johnson specifically that you rely on to support your argument that breach of an order takes the case outside the fairest doctrine? Can you point me to the specific language you're relying upon? Well in our in regards to the actual order in the language I was you asked me about which case I think is most like it and that's where I was going factually. If you look in the in the Shurer case it talks about I believe you mentioned it your honor the discipline supervision and control of the military and how we don't want to interfere with those three activities and in this case the military had control and supervision had set forth policies that would have prevented this act from happening and and the actions that were taken move beyond the the scope of what those orders and provisions and control were set forth in in this particular circumstance. So what's the language in Shurer that you're relying upon to support your position that violation of an order takes the case outside the fairest doctrine? Your honor I'm relying on the fact that a violation of the order falls outside of the three things ensure that the court said that we or the court whoever it may be cannot go into and interfere with the functions of the military. Do you have a case that says that? I appreciate trying to distinguish Shurer. I think Shurer is a real tough case for you to get around here. Can you point to a case in response to Judge Rollinson's question that says what you just said a violation of a policy is somehow outside of Shurer? Well I don't have a specific case on a particular policy other than what I mentioned in the Johnson case because driving and drinking and driving there are policies in the military that you're not supposed to you're not supposed to do that just like in the civilian world and I believe this case that's one piece of it I believe when you go down the factors in this case and you look at the four factors set forth in Johnson it's very clear that this case meets those criteria. Where this took place is only one issue in a totality of circumstances. You also look at the fact that she was on liberty it was after hours. You have to look at the fact she was not doing something that was a command-sanction event like some of the other cases where they're river rafting or on jet skis what we call in the military mandatory fun. She was doing it she was on her own personal time in her own personal room with someone that was I mean it's as personal as you possibly can get in this situation. So I believe it meets the criteria. She was not enjoying a picnic area, she was not doing anything, she was not at the gym, she was in her room which she pays for. It's not something that's free for the use and enjoyment of anybody the military that you have in situations that you get as as a function of the military. If she lived out in town she would be compensated for where she was. She had a right to privacy in her room. The barracks are regulated just like dorm rooms are hotels so on and so forth. In this situation if the policies and procedures were followed this would have never happened. But the facts and circumstances and the criteria in Johnson meet squarely with the criteria in this case and that it is a private personal situation whereas she was on her own time doing her own thing and obviously I was a victim of the circumstances. Counsel is it your argument that any time in the military a policy or procedure is not followed the Ferris doctrine has no application? No your honor I don't believe that I actually think that that's one issue but the factors that are presented in Johnson are really what implicate the exceptions to Ferris. So on your own private time, not a military sanctioned event, those are the things that I believe are what are the focus of whether or not a case falls within Ferris or outside of Ferris. All right counsel you have 33 seconds you want to like to reserve that. Thank you counsel. We're here from the government. Good morning may it please the court I'm Lowell Sturgill from the Department of Justice representing the United States. Lance Corporal Sarah Castromata served her country honorably and her tragic death is a significant loss to the Marine Corps, her family, and her friends. Nevertheless the district court correctly dismissed this case under the Ferris doctrine based on the Supreme Court's decision in Shearer, this court's decision in McAllister. Those cases hold that we're a complaint on its face as this complaint challenges the management of the military and the supervision control and management of service members. The Ferris doctrine bars the complaint per se without needing to look into the four-factor test which applies in other situations such as premises liability cases, vicarious liability cases such as where one service member causes the death or injury of another in automobile accident, cases like that are the cases of which the four-factor test applies. In Shearer, as I believe you've already discussed, one service member killed another service member and the the murder occurred off base while both service members were off duty and not engaged in any kind of a military mission. The Supreme Court held the case was barred by the Ferris doctrine because the complaint on its face, as in this case, challenged the government's the military's control and protection of service members and the court said, and I quote from page 58 of the opinion, allegations that go directly to the management of the military by calling into question basic choices about the discipline, supervision, control of the servicemen are barred by the Ferris doctrine. In McAllister, this case applied Shearer in the same fashion. McAllister involved a case where, again, one service member killed another one. It was, this occurred while both were on personal business, not under any military orders, while the decedent was leaving the base and the court said, again, because the complaint challenged the protect the service member who was injured and control the service member who caused the injury, that by itself, per se, barred the complaint. Counsel, what's your response to opposing counsel's distinction between this case and Shearer on the basis that there were specific orders and policies that were not followed in this case? Well, in Shearer, it's very important to note that the Supreme Court noted that one of the reasons why the Ferris doctrine applies when the allegations of the complaint on their face challenge the military mission is that, and this is from, again, page 58 of the opinion, suits like that would require a commanding officer to convince the civilian corps of the wisdom of military and disciplinary decision, including whether to overlook a particular incident. So even in a case where you have military policies that are violated, the key decisions for a court to evaluate the negligence complaints in that case would require the court to second-guess military judgments about what should be done and whether there might be exceptions that would allow those regulations to be violated or, if not violated, that there would be no sanctions for having done so. So that is not an exception to the Shearer case, as the Shearer case itself explains at page 58. The plaintiff relies, as we've heard, on the Johnson case from this Court. Johnson, there are several things to say about Johnson. One is that it preceded the Supreme Court's decision in Shearer and this Court's decision in McAllister. So it didn't use the same analysis that those cases have now told us is the right one. Second, I think this is very important as well. The case itself, at page 1437 of the opinion, distinguished cases that involved what it said, injuries arising out of life on the reservation, and said that FAERS would apply to those kinds of cases. And at page 1439, the Court said that FAERS would apply where the service member is injured while using military facilities. Well, that is, of course, exactly what happened here, as Lance Corporal Castromato was killed while in her barracks, to which she was assigned because of her military status. So I believe those are the key distinctions from the Johnson decision. And counsel also, I believe, mistakenly describes what the negligence was alleged in Johnson. The negligence alleged was not drinking and driving, but the keeping the NCO club open after hours. But any way you look at it, again, this case clearly implicates the military decision-making on its face by its own allegations. Counsel mentions that Lance Corporal Castromato was on liberty and not on a military mission when she was killed, but that is also true of the service member who was killed in Shearer, who was also off base at the time. And this case is an even stronger candidate for application of FAERS because Lance Corporal Castromato was killed on base in a military barracks. Also, counsel, I believe, clearly incorrectly tries to analogize the barracks to a hotel. This is not a hotel. It's a core function of the military to house their soldiers. This is an on-base military barracks to which active duty people are assigned. And this is also important, too. In the record, it explains that at page 72, these barracks were tightly controlled by the military. Although civilian guests could be allowed during certain hours, those guests had to be escorted and in the presence of their sponsor, their military sponsor at all times that they were in the barracks. And second, the designated non-commissioned officer who was responsible for discipline in the barracks was required as a command responsibility to have an active presence in the barracks. So these distinguish the I think clearly support applying FAERS here. And I would also note that the FAERS case itself involved three cases that were consolidated for Supreme Court review. Two of those cases were medical malpractice cases. But the third case involved a service member who was killed while in his barracks while sleeping because of a barracks fire. And the Supreme Court thought that that was clearly barred by the FAERS doctrine and so held. So again, here the fact that Lance Corporal Castromato was not engaged in a military mission at the time of her death is not a ground for distinguishing the FAERS doctrine based on the FAERS decision itself. Plaintiff in the brief also relies on the Schoenfeld decision. That was the case where a service member was injured in an automobile accident on a military road. And the key distinction in that case are two. First of all, the negligence alleged was not the kind as in Shearer and McAllister. The plaintiff there didn't allege on the face of the complaint that the military failed to properly control and supervise a service member. The allegation there was one of just simple premises liability. And the key fact for why the four-factor test allowed that claim was that any civilian could go on that for a service member and there was no military presence on the road to be watching what they're doing. Actually, things changed after 9-11 and there aren't those sorts of places on bases anymore for obvious reasons, but at that time there were. But again, that's distinguishable from this case for reasons we've explained. People could have civilian guests in the quarters, but they had to be accompanied by a military sponsor and the designated NCO had to keep a visible presence in the area at all times. Everything that the negligence allegations of the complaint all, again, challenged the management of the military, the protection of soldiers. They all concerned command decisions and personnel matters. The Supreme Court in Shearer also basically said that personnel decisions, this is at page 59, a personnel decision is a decision of command. So all the negligence allegations here involved decisions of command that are clearly barred by the Farrer's Doctrine. Pardon me for a minute. I don't believe the record that I'm aware of shows that the room was rented, but it wouldn't make a difference anyway because, again, Lance Corporal Castromato was assigned there because of her military status and able to be there in that capacity. And because, again, this is not a hotel. This is a military barracks on base, highly regulated by military officials. I believe that's all I have this morning. If the Court has no further questions, we would ask the Court to affirm. It appears not. Thank you, Counsel Roboto. Thank you, Your Honor. Just a few quick points. I would point out that the Schoenfeld case and the Dreyer case actually used the Johnson factors, and they were a 2007 and 1996 case. And I believe those are the key points in those Johnson factors. And the facts in this case are, it's very clear that they're very similar as far as how you would look at whether it's a private situation or whether it's incident to military service. And in Shearer and McAllister, those were judgment calls. In this case, it was a clear violation of orders. Thank you. All right. Thank you, Counsel. Thank you to both Counsel for your helpful arguments. The case just argued is submitted for decision by the Court. Excuse me. The next case, Walker v. Berryhill, has been submitted on the briefs. The next case on the calendar for argument is Haskins v. Employers Insurance.
judges: Rawlinson, Owens, Rice